UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-21530-CIV-HIGHSMITH/McALILEY

ENRIQUE POMINANSKY,
MAURICIO POMINANSKY,
and JULIO GUADAMUZ,

    Plaintiffs,

v.

JARJ CONSTRUCTION CORP.,
JUAN RODRIGUEZ and ODINA
RODRIGUEZ, STORMWISE
SOLUTIONS, INC., and
CAMILO DIAZ,

    Defendants.
_____/

## ORDER DISMISSING CASE WITHOUT PREJUDICE

    THIS CAUSE is before this Court upon the Motion to Dismiss Plaintiffs' Complaint Without Prejudice filed by the five Defendants in this action. Also before this court are Plaintiffs' Response in Opposition to the Defendants' Motion to Dismiss, and the Defendants' Reply in Support of their Motion to Dismiss.

    By their Complaint, three individual Plaintiffs brought 50 counts against five defendants: Stormwise, a related company named JARJ Construction Corp., and three individual owner-directors of Stormwise and JARJ. Essentially, Plaintiffs allege that they were employees of Defendants and raise claims under the Fair Labor Standards Act, 29 U.S.C. § 201, for unpaid overtime and minimum wages, late payments, and retaliatory discharge.

    Defendants move to dismiss Plaintiffs' staggering 534-paragraph, 159-page Complaint because it is repetitive, tedious, and excessively lengthy. Fundamentally, it fails to comply with

Federal Rules of Civil Procedure 8(a) and (e), which state that a pleading must contain a "short and plain statement" of the claims for relief and that it be "simple, concise, and direct." The instant Complaint is a classic shotgun pleading because it "contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e. all but the first) contain irrelevant factual allegations and legal conclusions." *See Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002).

Such redundant and long-winded complaints "impede the due administration of justice and, in a very real sense, amount to the obstruction of justice" because they are in no way "short and plain statement(s) of the claim(s)" as required by Rule 8. *See Id*. Shotgun pleadings also impose "a heavy burden on the trial court, for it must sift each count for the allegations that pertain to the cause of action purportedly stated and, in the process, disregard the allegations that only pertain to the incorporated accounts." *United States ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1354 (11th Cir. 2006).

Other courts have rejected complaints shorter than the instant complaint for failure to abide by Rule 8. In *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001), the Plaintiff's complaint was 58 pages long and the Court found that it did not follow the requirements of Rule 8 because it was not a short and plain statement of the case. In the instant case, the Complaint filed by the Plaintiffs is 159 pages long, more than 100 pages longer than the one rejected in *Magluta*. In *Feldman v. Jackson Mem'l Hosp.*, 509 F. Supp. 815 (D. Fla. 1981), a 54-page complaint was dismissed without prejudice on the grounds that it was repetitious, redundant and violated Rule 8. The *Feldman* complaint was more than 100 pages shorter than Plaintiffs'

Complaint. Similarly, in *Pelletier v. Zweifel*, 921 F.2d 1465, 1522 (11th Cir. 1991), a 70-page complaint, almost 90 pages shorter than the instant complaint, was considered to be too long and verbose to comply with Rule 8. Finally, in *Ambrosia Coal & Constr. Co. v. Morales*, 368 F.3d 1320 (11th Cir. 2004), the Plaintiff filed a 19-count complaint that the 11th Circuit found to be a shotgun-style pleading that did not comply with Rule 8. Here, Plaintiffs filed a Complaint that had 50 counts, almost 30 more than in *Ambrosia*. Shotgun-style pleadings are not short and plain statement(s) of the claim(s) and therefore do not comport with Rule 8. Rather than lead to the speedy disposition of disputes, pleadings such as Plaintiffs' Complaint impede such resolution.

In *Anderson v. Dist. Bd. Of Trustees of Cent. Fla. Community College*, 77 F.3d 364, 367 (11th Cir. 1996), the Eleventh Circuit opined, "Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." This Court whole-heartedly agrees with this sentiment and, accordingly, Defendant's Motion to Dismiss Complaint is GRANTED and Plaintiffs' Complaint is DISMISSED WITHOUT PREJUDICE. Plaintiffs are hereby ORDERED to file an Amended Complaint that comports with all Federal Rules of Civil Procedure (including Rules 8(a) and 8(e)) by Friday, October 19, 2007.

DONE AND ORDERED in Chambers, at Miami, Miami-Dade County, Florida, this 2nd day of October, 2007.

*[signature]*
_____
SHELBY HIGHSMITH
UNITED STATES DISTRICT JUDGE

cc:   Counsel of Record